# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

**DAVID STEBBINS**                                                             **APPELLANT**

VS.                       **CASE NO. 15-3807**

**JIM HANNAH, et al**                                                  **APPELLEE**

## MOTION FOR APPOINTMENT OF COUNSEL

Comes now, *pro se* Appellant David Stebbins, who hereby submits the following Motion for this Court to appoint counsel for this action.

1. This court has historically appointed counsel for cases where the appellant is pro se, has little to no formal legal training, and is indigent. See *In re Lane*, 801 F. 2d 1040 (8th Cir. 1986) and *Rayes v. Johnson*, 969 F. 2d 700 (8th Cir. 1992)

2. There are indeed issues raised in this case which require litigation. Such important legal questions include, but are not limited to, the following:

    (a) Does Title II (and, by proxy, Sec. 503) of the Americans with Disabilities Act support state governments being held liable for the acts of their officers under a "respondiat superior" theory of liability?[1]

    (b) If a state government is not immune from suit under the eleventh amendment[2], does it enjoy judicial immunity for the acts of its judges, even when those judges would be protected by judicial immunity.[3]

3. Appellant's complaints are not frivolous. While these may be novel issues of law in the 8th Circuit, they have been taken up by other federal appellate courts, and there are plenty of them

---

[1] The Magistrate Judge, in recommending dismissal, pointed out that Appellant has not alleged that the State of Arkansas had committed any wrongdoing "aside from employing" the officers who perpetrated the retaliation. This cannot be anything but a reference to "respondiat superior."
[2] This matter was never disputed by the District Court, because of Tennesee v. Lane. 541 US 509 (2004).
[3] The Magistrate Judge, in recommending dismissal, expressed concern over the potential floodgates of allowing disgruntled citizens to sue the state instead of the judge.

FAX RECEIVED

DEC 14 2015

U.S. COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

who have ruled in the plaintiffs' favor and against the states, on both of these questions.

(a) For the first question, see Duvall v. County of Kitsap, 260 F. 3d 1124, 1141 (9thCir. 2001) ("When a plaintiff brings a direct suit under either the Rehabilitation Act or Title II of the ADA against a municipality (including a county), the public entity is liable for the vicarious acts of its employees. We have held that, under § 504 of the Rehabilitation Act (upon which the ADA was explicitly modeled), we apply the doctrine of respondeat superior to claims brought directly under the statute"); Mason v. Stallings, 82 F. 3d 1007, 1009 (11thCir. 1996) ("We agree with the Seventh Circuit that the "agent" language was included to ensure respondeat superior liability of the employer for the acts of its agents, a theory of liability not available for 42 U.S.C. § 1983 claims");

(b) For the second question, see Hernandez v. Sheahan, 455 F. 3d 772, 776 (7thCir. 2006) ("Official immunities (judicial, legislative, absolute, qualified, quasi, and so on) are personal defenses designed to protect the finances of public officials whose salaries do not compensate them for the risks of liability under vague and hard-to-foresee constitutional doctrines. That justification does not apply to suits against units of state or local government, which can tap the public fisc").

(c) Also, the U.S. Attorneys' office has advocated this interpretation[4], although none of the cases Appellant can find ever reached a decision on the merits of this question of law. Here are couple of examples:

http://www.justice.gov/sites/default/files/crt/legacy/2010/12/22/nc1.txt

> "Where, as here, there is no Eleventh Amendment bar to a suit against a State, the immunity of a state official from suit does not necessarily mean that the State cannot be held liable in damages for the acts of that agent"

---

[4] Appellant has placed a request, on the webpage of http://www.ada.gov/complaint/, requesting the federal government to provide similar pro bono representation; so far, however, Appellant has not gotten anything back from them, positive or negative.

http://www.justice.gov/sites/default/files/crt/legacy/2010/12/14/guttman.pdf (pages 13-18)

4.  The mere fact that the district court disagrees with Appellant's claims does not make them frivolous. The fact that some courts have ruled in favor of citizens on these issues means they must have *some* arguable basis in law and fact. These precedents would be unanimously in the states favor if they were frivolous, nor would two seperate branches of the U.S. Attorney's office have agreed to represent a citizen pro bono.

5.  Because Appellant has demonstrated a lack of frivolousness, he should be appointed counsel for this appeal. See *Johnson v. Williams*, 788 F. 2d 1319, 1328 (8th Cir. 1986); *Reynolds v. Foree*, 771 F.2d 1179, 1181 (8th Cir.1985).

6.  Therefore, Appellant asks this Court to appoint Counsel for him, since this case asks significant questions of constitutional and federal law.

7.  So requested on this, the 15th day of December, 2015.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com